## No. 5617.

### GEORGE C. BENHAM VS. PARISH OF CARROLL.

Because the certificate of the clerk does not state that the transcript contains *all the proceedings had* in said suit in the court below, it is no cause for dismissing the appeal. It is not imputable to the appellant, and, there being no suggestion of any specific proceedings that are omitted, there is no ground for a continuance to supply any defect.

That this appeal was taken and is prosecuted against the wishes of the alleged appellant, as shown by the affidavit of plaintiff's counsel, can not be taken into consideration; said affidavit, for the purpose for which it is offered, being original evidence.

If the police jury were without authority to issue the warrants sued on, they were without authority to bind the parish by confessing judgment for their amount.

In this case the evidence does not show that the debts for which the warrants are alleged to have issued were regularly created, and that means were provided for their payment as required by law.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough, J. Leonard & Kennedy*, for plaintiff and appellee. *F. F. Montgomery*, District Attorney *pro tem.*, for defendant and appellant.

### ON MOTION TO DISMISS.

HOWELL, J. Plaintiff instituted this suit upon several parish warrants, asking judgment for the aggregate amount thereof, with legal interest from their respective dates. The parish through the district attorney *pro tem.* answered denying any indebtedness to plaintiff as set forth, and averring that the warrants sued on were issued without authority of law; that if the police jury contracted any debt in favor of plaintiff or any former holder of said warrants the parish is not bound, because the ordinance creating the debt did not provide the means of paying the same; that no consideration for said warrants inured to the parish; and that they were procured by a fraudulent combination between plaintiff and a majority of the police jury.

Subsequently, plaintiff filed an amended petition averring that certain of the warrants described in the original petition were issued to Benham and Leonard for rent of the courthouse and public offices owned by

them ; one of said warrants was issued to D. B. Gorham for salary as district attorney *pro tem.;* others to one J. W. Boise, for building a bridge ; one to H. W. Tyler, for building another bridge ; and that they were issued pursuant to law and in accordance with regular estimates and assessments, and all evidence just and valid claims against the parish of Carroll. From a judgment in favor of plaintiff for a part of his claim this appeal is prosecuted.

A motion is made to dismiss the appeal on the grounds—

First—Because the certificate of the clerk does not state that the transcript contains "*all the proceedings had*" in said suit in the district court.

This is not a cause for dismissing the appeal, as it is not imputable to the appellant, and, there being no suggestion of any specific proceedings that are omitted, there is no ground for a continuance to supply any defect.

Second—Because the appeal was taken and is prosecuted against the wishes of the alleged appellant, as shown by the annexed affidavit of plaintiff's counsel.

We can not entertain this affidavit for the purpose for which it is offered, being original evidence.

Third—Because the judgment was confessed in the lower court by defendants.

There is in the record an ordinance of the police jury purporting to have been adopted after the institution of this suit, and after the defense was set up, and confessing judgment in this suit for the amount claimed. If the police jury were without authority to issue the warrants sued on, they were without authority to bind the parish by confessing judgment for their amount. Such action would be taking advantage of illegal or usurped authority, which courts of justice can not sanction. The lower court seems not to have regarded the alleged confession.

The motion is denied.

### ON THE MERITS.

We must regard the suit as one upon the warrants of the parish and within the ruling in the cases of Edwards vs. Parish of Bossier, 24 An. 457, and Sterling vs. Parish of West Feliciana, 26 An. 59. But if considered as founded on the amended petition, the evidence does not show that the debts were regularly created and means provided for their payment, as required by law. R. S. 2786.

It is therefore ordered that the judgment appealed from be reversed and the demand of plaintiff dismissed with costs in both courts.